**\*FILED ELECTRONICALLY\***

      COMMONWEALTH OF PENNSYLVANIA
     IN THE UNITED STATES DISTRICT COURT
   FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES H. MORGAN, | : | CIVIL ACTION LAW |
|    Plaintiff | : | Case No.: 1:07-cv-01211-CCC |
| | : | |
|    v. | : | |
| | : | |
| YORK CITY SCHOOL DISTRICT, | : | |
| JEFFREY KIRKLAND, PRESIDENT | : | |
| CARLOS LOPEZ, | : | |
| FORMER SUPERINTENDENT, | : | |
| TERESA DIGGS, | : | |
| SUPERINTENDENT, | : | |
| DELORIS PENN, | : | |
| HUMAN RESOURCE MANAGER | : | |
| AGENTS AND OFFICERS OF THE | : | |
| YORK CITY SCHOOL DISTRICT | : | |
| | : | |
|    Defendants. | : | Jury Trial Demanded |

**JOINT CASE MANAGEMENT PLAN**

**1.     Principal Issues**

    1.10    Separately for each party, please give a statement summarizing this case:

**By Plaintiff**:

The Plaintiff, James H. Morgan, is a (47) year old African-American male who resides within the jurisdiction of This Honorable Court.  On October 4, 2002, he was employed by the Defendant as an Attendance and Security Manager.  During his employment with the Defendant, he was discriminated against as a result of his race and age.  Plaintiff suffered emotional distress as a result of Defendant's discriminatory practices, and said actions on the part of the Defendants created a hostile work environment.  Plaintiff also contends that there was a breach of contract on the part of the Defendant.

Said above noted actions are being brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C., section 2000(e) and following and as amended by the Civil Rights Act of 1991, section 623(a) as following and as amended, the Age Discrimination in Employment Act, 29 U.S.C., section 626, and any and all proper statutes of the United States which grants the right of judicial review to an aggrieved party of any final decision of the (EEOC).

**By Defendant:**

Defendants contends that there is no violation of 42 U.S.C. § 1983, Title VII of the Civil Rights Act, the Age Discrimination and Employment Act, 29 U.S.C., §623(a), relating to racial or age discrimination and hostile work environment.

The principal *factual* issues that the parties *dispute* are:

By Plaintiff

    1.11   All factual issues identified in Section 1.21

By Defendant

    1.12   All factual issues not identified in Section 1.21 – 1.29.

The principal *factual* issues the parties *agree up*on are:

    1.21 Plaintiff is an African-American male.

    1.22  Plaintiff was employed by Defendant on October 4, 2002 as an Attendance and Security Manager.

    1.23  Defendant, Jeffrey Kirkland is the President of the York City School District School Board.

    1.24  Defendant Carlos Lopez was the former Superintendent of York City School District and acted as the Chief Executive Officer for the District.

    1.25  Defendant, Tresa Diggs is the current Superintendent of the York City School District and is the Chief Executive Officer of the Defendant District.

    1.26  Defendant, Deloris Penn, is the Director of Human Resources for the District.

1.27  In or about October 2002, Plaintiff was hired by the District as an Attendance and Security Manager.

1.28  The position of Attendance and Security Manager was eliminated, and on July 1, 2004, Plaintiff was employed as the Safe School Manager.  Effective July 1, 2005, Plaintiff was advised that his position as Safe School Manager was being eliminated.

1.29  Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission.

1.30 The principal *legal* issues that the parties *dispute* are:

By Plaintiff

1.31  Whether or not Defendants denied Plaintiff an employment opportunity for which he was qualified due to his race, African-American.

1.32  Whether or not Defendant(s) retaliated against the Plaintiff after he filed his Complaints with the (EEOC) and (PHRC).

1.33  Does the Plaintiff suffer from intentional motional distress as the result of extreme and outrageous conduct on the part of the Defendant(s)

1.34  Did the Defendants breach a contract with the Plaintiff.

1.35  Did the Defendant(s) create a hostile work environment for the Plaintiff.

By Defendant

1.32  Whether or not Defendants discriminated against Plaintiff based upon his race, African-American under Title VII of the Civil Rights Act?

1.33   Whether or not Defendants discriminated against Plaintiff based on his age under the Age Discrimination and Employment Act?

1.34  Whether or not Defendants deprived Plaintiff of life, liberty and equal protection without due process and 42 U.S.C. §1983?

1.35  Whether Plaintiff was subjected to a hostile work environment as a result of his race or age?

The principal *legal* issues the parties *agree* upon are:

1.40  None.

1.50  Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

By Plaintiff: None

By Defendant:  Defendants requested from Plaintiff a copy of his EEOC Right-to-Sue letter.  To date, the same has not been provided.  Plaintiff alleges in his Complaint that a copy of the EEOC letter was attached as Exhibit A, but the same was not filed with the Court.

1.60  Identify any named parties that have not yet been served:

By all Parties: None.

1.70  Identify any additional parties that the parties intend to join:

By all parties: None.

1.80  Identify any additional claims that the parties intend to add:

By all parties: None.

**2.0  Alternate Dispute Resolution ("ADR")**

2.10  Identify any ADR procedure to which the parties have agreed to use.

The parties have not agreed to utilize Alternative Dispute Resolution at this time.

|   |   |
|---|---|
| ADR procedure: | N/A |
| Date ADR to be commenced: | N/A |
| Date ADR to be completed: | N/A |

2.20  If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended: N/A

2.30  If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

By all Parties: At this time, the parties do not believe that this is an appropriate case for Alternative Dispute Resolution.

## 3.0   Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

By all Parties: The parties do not agree to jurisdiction by a Magistrate Judge.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

    \_\_\_\_\_ Scranton
    \_\_\_\_\_ Wilkes-Barre
    \_\_\_\_\_ Harrisburg

## 4.0   Disclosures

4.100  Separately, for each party, list by *name and title/position* each person whose identity has been disclosed.

4.101 Disclosed by <u>the Plaintiff</u>:

    4.102 Jeffrey Kirkland, Defendant

    4.103 Carlo Lopez, Defendant

    4.104 Tresa Diggs, Defendant

    4.105 Deloris Penn, Defendant

    Plaintiff will provide Defendant(s) with names and addresses of additional parties through discovery.

4.151 Disclosed by <u>Defendants</u>:

    4.152    Plaintiff, James H. Morgan, as on cross

    4.153    Deloris Penn, Defendant

    4.154    Dr. Tresa Diggs, Defendant

    4.155    Carlos Lopez, Defendant

    4.156    Jeffrey Kirkland, Defendant

    Defendants to provide identity of all known relevant personnel as soon as they are ascertained.

    In addition to the specific persons listed above, the Parties reserve the right to call as witnesses, any party to this action, and any person whose name can be found in the documents identified or exchanged during discovery.

    Finally, the Parties reserve the right to supplement this disclosure at an appropriate and reasonable time before trial.

4.200 Separately, for each party, describe by *categories* the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

7

4.201 Categories of documents disclosed by the <u>Plaintiff</u>:

    None at this time

4.251 Categories of documents disclosed by <u>Defendants:</u>

    4.252 Categories of documents may include Plaintiff's personnel file, including hiring documents, salary, disciplinary actions, job descriptions and interview notes.

4.300 *Additional Documents Disclosures*: Separately, for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents.

    4.301 Additional categories of documents the <u>Plaintiff</u> will disclose:

    Any and all appropriate documents requested by Defendants.

    4.351 Additional categories of documents <u>Defendants</u> will disclose:

    None.

    Additionally, the parties reserve the right to supplement this disclosure at an appropriate reasonable time before trial.

4.400 Separately, for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or the offset:

    4.401 Plaintiff's calculation of damages:

    To be determined

    4.402 Defendants' calculation of offset:

    None at this time, investigation continuing.

   4.403 Counter-claimant/third party claimant's calculation of damages:

  Not applicable.

**5.0 Motions**

 Identify any motion(s) whose early resolution would *likely* have a significant effect either on the scope of discovery or other aspects of the litigation:

 <u>Nature of Motion</u>     <u>Moving Party</u>   <u>Anticipated Filing Date</u>

 Motion for Summary Judgment  Defendant   completion of discovery

**6.0 Discovery**

 6.100 Briefly describe any discovery that has been completed or is in progress:

  <u>By All Parties</u>: Written discovery, including interrogatories and document requests, and initial disclosures will be exchanged in the near future.

 6.200 Describe any *discovery* that all parties *agree* should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g. "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

  <u>By All Parties</u>: Exchange written discovery and complete the depositions of the named parties and other fact witnesses identified in discovery.

 6.300 Describe any *discovery* that one or more parties want(s) to conduct but *to which another party objects*, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it.

  None.

6.400 Identify any *subject area limitations on discovery* that one or more parties would like imposed, at the first stage of or throughout the litigation.

>By all Parties: None.

6.500 For each of the following discovery tools, *recommended the per-party or per-side limitation* (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s):

>6.501 depositions (excluding experts) to be taken by:

>>Plaintiffs: 10     Defendants: 10     (per group of Defendants)

>6.502 interrogatories to be served by:

>>Plaintiffs:  25     Defendants: 25     (per group of Defendants)

>6.503 document production requests to be served by:

>>Plaintiffs:  25     Defendants: 25     (per group of Defendants)

>6.504 requests for admission to be served by:

>>Plaintiffs:  25     Defendants:  25     (per group of Defendants)

6.600 All discovery commenced in time to be completed by:

>Plaintiff:     None at this time.

>Defendants: On or before March 30, 2008

6.700 Reports from retained experts due:

>Plaintiff:     On or before May 30, 2008

    Defendants: On or before June 30, 2008

6.800 Supplementation due from either party no later than:

    Plaintiff: On or before July 1, 2008 - Plaintiff

    Defendant: On or before July 1, 2008 – Plaintiff
         On or before August 1, 2008 - Defendant

**7.0** **Protective Order**

None contemplated presently.

**8.0** **Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority:

<u>By Plaintiff:</u>        <u>By Defendant:</u>

Clarence E. Allen, Esquire    Peggy M. Morcom, Esquire
18 S. George St., STE 615    Sharon M. O'Donnell, Esquire
York, PA 17401       Marshall, Dennehey, Warner,
717 221-9500        Coleman & Goggin, P.C.
Attorney for Plaintiff      4200 Crums Mill Road, Suite B
            Harrisburg, PA 17112
            (717) 651-3517
            (717) 651-3503
            Attorneys for Defendants

**9.0** **Scheduling**

9.1 This case may be appropriate for trial in approximately:

   _____ 240 Days from the filing of the action in this Court
   \_\_\_X\_\_\_\_ 365 Days from the filing of the action in this Court
   _____ Days from the filing of the action in this Court

    9.2    Suggested Date for Trial:

          August 2008.

    9.3    Suggested Date for the Final Pretrial Conference:

          July 2008.

    9.4    Final date for joining additional parties:  October 1, 2007

    9.5    Final date for amending pleadings:    October 1, 2007

    9.6    All potentially dispositive motions should be filed by:

          May 1, 2008.

**10.0  Other Matters**

Make any other suggestions for the case development process, settlement or trial that may be useful or necessary to the efficient and just resolution of this dispute.

    <u>By all Parties</u>: None at this time.

**11.0  Identification of Lead Counsel**

Identify by name, address and telephone number lead counsel for each party:

<u>By Plaintiff</u>:

Clarence E. Allen, Esquire
18 S. George Street, Suite 615
York, Pennsylvania 17401
(717) 846-5873

<u>By Defendant:</u>

Peggy M. Morcom, Esquire
Sharon M. O'Donnell, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
4200 Crums Mill Road, Suite B
Harrisburg, PA 17112
(717) 651-3517/3503


Date: _____ By: _____*s/Clarence E. Allen*_____
  **Clarence E. Allen, Esquire**
  **PA BAR ID:**
  **18 S. George Street, Suite 615**
  **York, Pennsylvania 17401**
  **(717) 846-5873**
  **Attorney for Plaintiff**

  **MARSHALL, DENNEHEY, WARNER,**
  **COLEMAN & GOGGIN**


 BY: _____*s/Peggy M. Morcom*_____
  **PEGGY M. MORCOM, ESQUIRE**
  I.D. NO.: PA 92463
  4200 Crums Mill Road, Suite B
  Harrisburg, PA 17112
  (717) 651-3517
  **Attorney for Defendants**


 BY: _____*s/Sharon M. O'Donnell*_____
  **SHARON M. O'DONNELL, ESQUIRE**
  I.D. NO.: PA 79457
  4200 Crums Mill Road, Suite B
  Harrisburg, PA 17112
  (717) 651-3503
  **Attorney for Defendants**

05/349604.v1